UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CRESTWOOD MANAGEMENT, )
LLC, SUNSET INTIMATES )
GROUP, INC., and REGINALD )
S. HOWIE, )
)
      Plaintiffs, )
)
v. ) CV422-291
)
CLAYTON FERGUSON, SIMPLI )
TRADING, INC., and SIMPLI )
ASSETS, LTD., )
)
      Defendants. )

# ORDER

The Court previously directed unrepresented Defendants Simpli Trading, Inc. and Simpli Assets, Ltd., to retain counsel. *See* doc. 58 at 3-4. The two entity defendants were expressly warned that failure to retain counsel by the deadline could subject them to default. *Id.* Their deadline for compliance has expired, no counsel has appeared on their behalf, and they have not otherwise responded to the Court's Order. *See generally* docket. The Court's warning was no idle threat.

As the prior Order explained, *see* doc. 58 at 2-3, Simpli Trading, Inc. and Simpli Assets, Ltd., as entities, cannot appear in this action *pro se*.

It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This rule reflects the "ancient common law tradition" that a corporation can only appear in court by an attorney. *Beaudreault v. ADF, Inc.*, 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (citing *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824)). The Supreme Court has recognized that the "rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Gilly v. Shoffner*, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) ("[A] limited liability company can appear in court only through a licensed attorney because it is a business entity.").

As warned, entry of default against Defendants Simpli Trading, Inc. and Simpli Assets, Ltd., is now appropriate. *See* doc. 58 at 2-3. This Court is authorized to impose sanctions on a party that fails to obey its orders. *See* Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

Rule 37(b)(2)(A), in pertinent part, authorizes the Court to "render[ ] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also CNH Capital America, LLC v. Southeastern Aggregate, Inc.*, 2009 WL 2391242, at *2 (S.D. Ga. Aug. 4, 2009) (discussing this Court's authority to enter default against a party that fails to obey its orders). "[T]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders." *CNH Capital America*, 2009 WL 2391242, at *2 (quoting *American Resources Ins. Co. v. Evoleno Co.*, 2008 WL 4701350, at *3 (S.D. Ala. Oct. 23, 2008)) (internal quotation marks omitted).

Additionally, some district courts have recognized that an entity's failure to obtain counsel is a failure to "otherwise defend" under Rule 55. *See PBS&J Constructors, Inc. v. I.L. Fleming, Inc.*, 2015 WL 7779214, at *2 (N.D. Ga. Dec. 2, 2015); *Ramb v. Paramatma*, 2021 WL 9349985, at *1 (N.D. Ga. Dec. 8, 2021). Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.

3

R. Civ. P. 55(a) (emphasis added). As the Northern District of Georgia explained, the Rule contains an "embedded principle . . . that when a party fails to defend against claims asserted, the defendant is deemed to have abandoned their right to defend. This principle applies where a defendant entity chooses to abandon the defense of a claim by not retaining counsel to replace counsel originally retained." *PBS&J Constructors*, 2015 WL 7779214, at *2.

Under either theory, entry of default is appropriate. The Court is empowered to direct entry of default. *See Allstate Prop. & Cas. Ins. Co. v. Haslup*, 2012 WL 12953465, at *6 (N.D. Ga. Jan. 12, 2012) ("A court has the power to enter default under Rule 55(a)."); *Bakewell v. Fed. Fin. Grp., Inc.*, 2007 WL 4079446, at *1 (N.D. Ga. Oct. 31, 2007) (directing entry of default against entity for failing to comply with its order to retain counsel). Therefore, the Clerk is **DIRECTED** to enter default against Defendants Simpli Trading, Inc. and Simpli Assets, Ltd.[1] The Clerk is

---

[1] "The entry of default (and thus the decision to set aside or to leave in effect such an entry) constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *J & J Sports Prods., Inc. v. Martinez*, 2013 WL 2147790, at *1 n. 2 (M.D.N.C. May 16, 2013) (citing *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir.2002); *L & M Cos., Inc. v. Biggers III Produce, Inc.*, 2010 WL 1439411, at *8 & n. 3 (W.D.N.C. Apr. 9, 2010)).

also **DIRECTED** to lift the stay imposed by the prior Order.  *See* doc. 58 at 4.  Plaintiffs and Defendant Clayton Ferguson, who is proceeding *pro se*, are **DIRECTED** to confer and submit a Joint Status Report within 30 days from the date of this Order, utilizing the Post-Discovery Status Report Form for Judge Baker's cases available on the Court's website under "Forms."  At the time this case was stayed, discovery had closed.  *Compare* doc. 52 at 2 (February 21, 2024 discovery deadline) *with* doc. 58 (Order entered February 28, 2024).  Therefore, the parties' Joint Status Report should propose a deadline for civil motions.  If any party seeks to reopen discovery, they must file a motion.  *See, e.g.*, Fed. R. Civ. P. 16(b)(4).

   The Clerk is **DIRECTED** to send a copy of this Order to Defendants via email to Claytonferguson06@gmail.com, Clayton@simpli.company, and Jeremy@simpli.company.  *See* doc. 55 at 1.  The Clerk is further **DIRECTED** to send a copy of this Order via mail to:

> Simpli Trading, Inc. and Simpli Assets, Ltd.
> c/o Jeremy Campos
> 1730 Stephens Street
> Vancouver, BC Canada V6K3V6
>
> Simply Trading, Inc.
> 2943 Parkway Blvd., PMB 70
> Salt Lake City, Utah 84119

> Simply Trading, Inc. and Simpli Assets, Ltd.
> 5307 Victoria Drive, #691
> Vancouver, BC V5P3V6
>
> Simply Assets, Ltd.
> Suite 2600
> Three Bentall Centre
> 595 Burrard Street
> Vancouver, BC V7X1L3

*See* doc. 55 at 1; doc. 13 at 4.

**SO ORDERED**, this 5th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA